UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80179-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL CHANCE,

    Defendant.
_____/

# DEFENDANT'S SECOND STATUS REPORT

Defendant, Michael Chance, through undersigned counsel, hereby respectfully files a status report as ordered by the Court, DE 131, and states as follows:

1. On March 8, 2007, a jury convicted Mr. Chance of five offenses, including violations of 18 U.S.C. § 924(c) on Counts 2 and 4. DE 41, 70. Relevant here, Mr. Chance's § 924(c) conviction in Count 4 was predicated on attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(b)(1) and (b)(3). DE 41.

2. On May 22, 2007, the Court imposed, *inter alia*, a 300-month sentence on Count 4, to be served consecutively. DE 83.

3. On June 18, 2008, the Eleventh Circuit affirmed Mr. Chance's convictions and sentence. *United States v. Chance*, 277 F. App'x 941 (11th Cir. 2008); DE 106.

4. On June 9, 2009, Mr. Chance filed in this Court a *pro se* motion to vacate sentence under 28 U.S.C. § 2255 in case no. 09-80857-Civ-Hurley. DE 107. The motion presented the following grounds for relief not relevant here. DE 107. On April 27, 2010, the Court adopted in full a magistrate judge's report recommending that the motion be denied, denied the motion, and denied a certificate of appealability. DE 109. On February 17, 2011, the Eleventh Circuit denied Mr. Chance a certificate of appealability. *See* DE 119:1.

5. On June 24, 2016, Mr. Chance filed a counseled § 2255 motion in this Court in case no. 16-81074-Civ-Hurley. The motion was premised on the Supreme Court's then-recent decision in *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015). DE 110:2. This second § 2255 motion asserted, *inter alia*, that Mr. Chance is actually innocent of the § 924(c) offense for which he was convicted in Count 4 because attempted Hobbs Act robbery no longer qualifies as a predicate "crime of violence" for purposes of § 924(c). On June 30, 2016, the Eleventh Circuit granted Mr. Chance's application for leave to file a second or successive § 2255 in light of *Johnson*, providing this Court with jurisdiction over the motion. *See* DE 119:2. On November 15, 2017, this Court denied both the motion and a certificate of appealability. *Chance v. United States*, 2017 WL 11049323 (S.D. Fla. 2017); DE 115; DE 116. The Eleventh Circuit denied a certificate of appealability. *See* DE 119:2.

6. On September 21, 2018, Mr. Chance filed in Eleventh Circuit case no. 18-14029 an application for leave to file a successive § 2255 motion challenging

his § 924(c) convictions in light of the Supreme Court's then-recent decision in *Dimaya v. Sessions*, 584 U.S. ___, 138 S. Ct. 1204 (2018). The Eleventh Circuit denied the application, holding, *inter alia*, that his § 924(c) conviction on Count 4 was still valid because attempted Hobbs act robbery qualified as a "crime of violence" under § 924(c)(3)(A)'s elements clause. *In re Chance*, No. 18-14029, DE 3-2 (11th Cir. Nov. 2, 2018).

7. On April 27, 2020, Mr. Chance filed in this Court a *pro se* § 2255 motion asserting that his § 924(c) conviction and sentence on Count 4 was invalid in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). DE 117. On April 29, 2022, the Court denied the motion, indicating that Mr. Chance had not yet received permission from the Eleventh Circuit to file a successive § 2255 motion, and stating that if the Eleventh Circuit granted leave to file a successive motion in light of *Davis*, Mr. Chance could file a motion to reconsider. DE 119. The Court denied the motion and denied a certificate of appealability. DE 121.

8. On August 15, 2022, Mr. Chance filed a *pro se* application in Eleventh Circuit case no. 22-12666 seeking leave to file a successive § 2255 motion challenging his § 924(c) conviction in Count 4 in light of the Supreme Court's recent decision in *Taylor v. United States*, 596 U.S. ___, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery is not a crime of violence for purposes of the elements clause in § 924(c)(3)(A). The Eleventh Circuit denied that application a week later, stating that *Taylor* cannot support a successive § 2255 motion because it is not a new

3

rule of constitutional law, but rather a matter of statutory interpretation. *In re Chance*, No. 22-1266, DE 3 (11th Cir. Aug. 22, 2022).

9. On November 24, 2022, Mr. Chance wrote a letter to this Court asking for counsel to be appointed to assist him in light of *Taylor*. DE 125. On November 29, 2022, the Court appointed the Federal Public Defender to assist Mr. Chance "in pursuing possible collateral attack and in determining whether there is a waiver of a procedural default." DE 126. On December 2, 2022, undersigned counsel filed a notice of appearance. DE. 128.

10. On January 5, 2023, the Court requested a status report. DE 129.

11. Undersigned counsel filed a status report in response to the Court's order on January 13, 2023. DE 131. In that status report, undersigned counsel stated that she had sent a copy of this Court's appointment order and her notice of appearance to Mr. Chance, reviewed the records of his various prior proceedings, ordered copies of his trial transcripts from the court reporter, and reviewed those transcripts; spoken with Mr. Chance by telephone regarding the Court's order and possible collateral attacks on his § 924(c) conviction on Count 4; and anticipated additional conversations with Mr. Chance. *Id.*

12. Since undersigned counsel filed her last status report, she has communicated with Mr. Chance a number of times by phone and by letter regarding a possible remedy for his lengthy sentence on Count 4. Undersigned counsel's most recent letter to Mr. Chance was sent to him on May 8, 2023, and she received a letter from him on May 24, 2023. An investigator has been assigned to Mr. Chance's case,

4

and undersigned counsel is otherwise undertaking efforts to develop evidence and legal arguments in support of a possible future filing on his behalf.

13. Today, undersigned counsel will send Mr. Chance another letter, informing him of the Court's order requiring a status report, and enclosing copies of both this Court's order and this status report.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:   *s/Janice L. Bergmann*
      Janice L. Bergmann
      Assistant Federal Public Defender
      Court Assigned No. A5500685
      One E. Broward Boulevard
      Suite 1100
      Fort Lauderdale, Florida   33301
      (954) 356-7436
      Janice_Bergmann@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Janice L. Bergmann*
Janice L. Bergmann
